UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHROYER BROS., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00735-JMS-DML |
| ) | |
| CRAIG NICHOLS, TERRY WHITT ) | |
| BAILEY, JAMES LEE, DOUG ) | |
| MARSHALL, AARON WOOD, BRAD ) | |
| KING, DEBRA MALITZ, and ) | |
| BARBER CONTRACTING, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Presently pending before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant Barber Contracting, Inc. ("Barber Contracting").[1] [Filing No. 30.] Barber Contracting moves to dismiss the only claim Plaintiff Shroyer Bros., Inc. ("Shroyer") asserted against it in its original Complaint – tortious interference with contract – for failure to state a claim upon which relief can be granted. [Filing No. 30.]

The Court notes that the record in this matter is in a somewhat awkward state. Barber Contracting filed the pending motion on June 10, 2016, and Shroyer did not file a response within the deadline, did not seek an extension of time to do so, and has not filed a response to date. Instead, Shroyer filed a filed a Motion for Leave to Amend Complaint, seeking (among other

---

[1] As the Magistrate Judge noted in an August 31, 2016 Order, Plaintiff named "Barber Contracting, Inc." as a defendant, but the parties agree that the properly named defendant is Rodney Barber d/b/a Barber Contracting. [Filing No. 40 at 1.] Mr. Barber operates Barber Contracting as a sole proprietorship, not as a corporation. [*See* Filing No. 21; Filing No. 37-1 at 3.] Because the parties have not taken steps to change the defendant to Rodney Barber d/b/a Barber Contracting, however, the Court will continue to refer to that defendant as Barber Contracting.

things) to change its claim against Barber Contracting to one for violation of 42 U.S.C. § 1983. [*See* Filing No. 37-1 at 1.] The Magistrate Judge denied Shroyer's Motion for Leave to Amend as it related to claims against Barber Contracting, stating that "[t]he proposed complaint is devoid of a single allegation that could plausibly lead to a finding that Barber Contracting's engagement in its regular construction business was state action under color of law," and that "[t]he court will not permit such a facially deficient claim to be added to this case by amendment." [Filing No. 40 at 3.] Shroyer then filed an Amended Complaint which does not include any claims against Barber Contracting. [Filing No. 41.]

Due to Shroyer's failure to respond to Barber Contracting's Motion to Dismiss (thus waiving any arguments in opposition to the motion), and its filing of an Amended Complaint which does not include any claims against Barber Contracting, the Court deems Shroyer's tortious interference with contract claim against Barber Contracting abandoned. Accordingly, the Court **DENIES AS MOOT** Barber Contracting's Motion to Dismiss, [Filing No. 30].

The Court notes, however, that Barber Contracting's Motion to Dismiss is well-taken in any event. Specifically, under Indiana law, the elements of a claim for tortious interference with a contract are: "(1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach." *Melton v. Ousley*, 925 N.E.2d 430, 440 (Ind. Ct. App. 2010) (citing *Levee v. Beeching*, 729 N.E.2d 215, 221 (Ind. Ct. App. 2000)). In order to adequately allege the absence of justification, thus satisfying the fourth element for establishing tortious interference, a plaintiff must do more than merely assert that the defendant's conduct was unjustified. *Morgan Asset Holding Corp. v. CoBank ACB*, 736 N.E.2d 1268, 1272 (Ind. Ct. App. 2000) (holding a

2

"conclusory statement" that a defendant lacked justification for its alleged interference was insufficient to establish that such interference was unjustified and therefore tortious). "[T]he existence of a legitimate reason for the defendant's actions provides the necessary justification to avoid liability." *Id*. (citing *Winkler v. V.G. Reed & Sons, Inc.*, 619 N.E.2d 597, 600–01 (Ind. Ct. App. 1993)).

In its original Complaint, Shroyer itself alleges that it and Barber Contracting both performed demolition work in Muncie, and that Barber Contracting performed the emergency demolition work for the City of Muncie at the City's request and only after Shroyer claimed it could not complete the work. [Filing No. 31 at 5.] The Court finds that these allegations amount to Shroyer pleading itself out of a tortious interference claim against Barber Contracting. Under Indiana law, Barber Contracting's alleged actions related to the demolition work that was the subject of the 812 Contract were simply part of business competition, which constitutes justification for purposes of a tortious interference claim. *See Harvest Life Ins. Co. v. Getche*, 701 N.E.2d 871, 877 (Ind. Ct. App. 1998) (relying upon Restatement (Second) of Torts § 768 (1977) in finding that tortious interference claim failed because defendant's justification for actions was business competition, and stating "[o]ne's privilege to engage in business and to compete with others implies a privilege to induce third persons to do their business with him rather than with his competitors. In order not to hamper competition unduly, the rule stated in [Section 768] entitles one not only to seek to divert business from his competitors generally but also from a particular competitor. And he may seek to do so directly by express inducement as well as indirectly by attractive offers of his own goods or services") (quoting Comment b to Restatement (Second) of Torts § 768 (1977)).

3

In sum, had Shroyer not filed an Amended Complaint which omitted claims against Barber Contracting and thus mooted Barber Contracting's Motion to Dismiss, the Court would have granted that motion on the merits. Shroyer is on notice that it may not attempt to resurrect its tortious interference with contract claim against Barber Contracting. Barber Contracting's Motion to Dismiss, [Filing No. 30], is **DENIED AS MOOT**, and the Clerk is **DIRECTED TO TERMINATE** Barber Contracting as a party in this matter. No partial final judgment shall issue at this time.

Date: 9/2/2016

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**